█ SANDE ROOKE AND COMPANY, INC., Respondent, v. JOSEPH ROSEN, by LILLIAN ROSEN, His Guardian ad Litem, Appellant.— Order, entered on August 12, 1964, denying the motion by defendant's guardian ad litem for a discovery and inspection, reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements to any party and the motion granted. So long as the order appointing the guardian ad litem remains outstanding, and has not been vacated on motion made by a proper party, applicant continues to have standing to appear and obtain appropriate relief (CPLR 1201; see McCarthy v. Anable, 169 Misc. 595, 598 [BERGAN, J.]). In this extraordinary situation involving a husband who first disappeared and then has remained away under insufficiently explained circumstances and whose interest in a close corporation has effectively passed to the two other associates in the corporation, there is warrant for an expeditious exploration, limited in time, by the guardian to make certain that no property interest of the ward has been improperly impaired or appropriated. Concur — Breitel, J. P., Valente, McNally and Eager, JJ.; Stevens, J., dissents in the following memorandum: I dissent and vote to affirm. Under CPLR 1201 a guardian ad litem may be appointed for an adult defendant, not an incompetent, when such adult is " incapable of adequately protecting his rights." In other words, when such person is non sui juris. The guardian ad litem thus acts solely in behalf of the person whose interests he has been designated to protect. If it be considered that a presumption of incapability arose initially by reason of Joseph Rosen's unexplained absence, that presumption is rebutted by his reappearance at which time, from the record, there is nothing to indicate he was not in full possession of his mental faculties. The precedent established of opening corporate books and records to a wife, appointed guardian ad litem for an absent husband, who is conversant with action taken by the corporation with which he was formerly associated and which he has not moved to repudiate, is a dangerous one. More should be required to be shown than mere absence.

The premise upon which the guardian ad litem was appointed having dissolved, her status, and any powers conferred thereby, should be terminated. Settle order on notice.